ANIKA GREENE
3915 Ridgecroft Rd.
Baltimore MD 21206-5029, and

RICHARD GREENE
3915 Ridgecroft Rd.
Baltimore MD 21206-5029

Plaintiffs,

v.

SOUTHERN AUTO FINANCE
COMPANY
1201 W. Cypress Creek Rd., Ste. 200
Fort Lauderdale, FL 33309-1910

Serve on:  The Corporation Trust
Incorporated,
Registered Agent
300 E. Lombard St.
Baltimore, MD 21202,

and

AMY K. KLINE, T/A
THE CREDITORS FIRM
35 Franklin Blvd.
Reisterstown, MD  21136-250,

Defendants

WDQ10CV0115

IN THE

CIRCUIT COURT

FOR

BALTIMORE CITY

Case No.: 24-C-09-007437

## COMPLAINT

Plaintiffs, Anika Greene and Richard Greene, Plaintiffs, by their attorneys, Jane Santoni and Williams & Santoni, LLP, and A. Darwin Holder, Jr. and Holder Law Group LLC, file suit against Southern Auto Finance Company, and Amy K. Kline t/a The Creditors Firm, Defendants.

### JURISDICTION AND VENUE

1.      Defendants transact business and contract to supply services in the State of

1

Maryland.

    2.    The contract that is the subject of this suit was executed in Baltimore City,

Maryland.

    3.    Jurisdiction in this Court is therefore proper under § 6-102 of the Courts and

Judicial Proceedings Code.

    4.    Venue in this Court is proper because there is no single venue applicable to all

Defendants and the cause of action arose in Baltimore City.

**PARTIES**

    5.    Plaintiffs are father and daughter and both reside in Baltimore City.

    6.    Defendant Southern Auto Finance Company ("SAFCO") is a creditor extending

consumer credit for the purchase of automobiles.

    7.    Defendant Amy K. Kline t/a The Creditors Firm ("Creditors Firm") is a debt

collector within the meaning of the Federal Fair Debt Collection Act, 15 USC 1692.

**FACTS COMMON TO ALL COUNTS**

    8.    On September 29, 2006, Plaintiffs purchased a 2002 Acura automobile (the

"Vehicle") from Auto Sport, a dealership located at 5928 Reisterstown Road, Baltimore,

Maryland.  The vehicle was purchased for personal, household or family use.

    9.    Defendant SAFCO financed the purchase.

    10.    The terms under which Defendant SAFCO financed the purchase were set forth in

a "Retail Installment Sale Contract Simple Finance Charge" (the "Finance Agreement").

    11.    The amount financed under the Finance Agreement was $13,716.75.

    12.    Plaintiffs Anika Greene and Richard Greene were listed as "co-buyers" on the

Finance Agreement.

2

13.     Plaintiffs Anika Greene and Richard Greene were both on the title of the Vehicle as co-owners.

14.     Plaintiffs Anika Greene and Richard Greene were both carried on the insurance for the Vehicle as co-owners.

15.     Plaintiff Anika Greene made timely payments under the terms of the finance agreement through September 2007.

16.     Plaintiff Anika Greene failed to timely make the October 2007 and November 2007 payments due under the terms of the Finance Agreement.

17.     Defendant SAFCO mailed Plaintiff Anika Greene an "Account Statement" dated November 5, 2007.

18.     That "Account Statement" stated that the loan balance as of September 29, 2007, was $11,788.97.

19.     The November 5, 2007 "Account Statement" stated that the "Estimated Payoff" as of November 5, 2007 was $12,574.66.

20.     Defendant SAFCO mailed Plaintiff Anika Greene a "Notice of Intent to Repossess" dated November 20, 2007, and postmarked November 21, 2007 (*see* Exhibit A, attached).

21.     Plaintiff Anika Greene received the "Notice of Intent to Repossess" on November 22, 2007.

22.     The "Notice of Intent to Repossess" stated the amount due on the date of the letter was $940.99.

23.     The "Notice of Intent to Repossess" stated that an additional $447.19 would become due on November 29, 2007.

3

24.     The amount due on December 5, 2007, was $1,388.18.

25.     Defendant SAFCO repossessed the Vehicle on December 5, 2007.

26.     Defendant SAFCO did not deliver to Plaintiffs, within five days of the repossession, a written notice informing Plaintiffs of the exact location where the Vehicle was stored and the address where a payment was to be made.

27.     Instead, Defendant SAFCO mailed Plaintiff Anika Greene a "Notice of Intent to Sell Property" dated December 6, 2007, and postmarked December 6, 2007 (*see* Exhibit B, attached).

28.     Plaintiff Anika Greene received the "Notice of Intent to Sell Property" on December 10, 2007.

29.     The "Notice of Intent to Sell Property" stated that Plaintiff Anika Greene would be allowed to redeem the Vehicle "[a]t any time before the sale."

30.     The "Notice of Intent to Sell Property" informed Plaintiff Anika Greene that she would have to pay the full balance of the loan, $13,486.85, and an additional $300 in "Repossession/Other Fees," in order to take possession of the Vehicle, despite that the law does not allow this "acceleration" of the loan.

31.     Plaintiff Anika Greene contacted Defendant SAFCO on December 10, 2007 and spoke to Defendant SAFCO's employee, Ms. Mildred Polanco.

32.     Plaintiff Anika Greene informed Defendant SAFCO through Ms. Polanco that she wished to redeem the Vehicle.

33.     Plaintiff Anika Greene informed Defendant SAFCO through Ms. Polanco that she had cash funds in hand sufficient to redeem the Vehicle.

34.     Although the law does not allow this as a condition for redemption, Defendant

SAFCO demanded that Plaintiff Anika Greene submit a new finance application in order to redeem the Vehicle.

35.     Defendant SAFCO sent Plaintiff Anika Greene a finance application by facsimile on December 10, 2007.

36.     Plaintiff Anika Greene submitted a finance application to Defendant SAFCO by facsimile on December 13, 2007.

37.     On December 17, 2007, Defendant SAFCO informed Plaintiff Anika Greene that her finance application had been denied.

38.     Daniel Magdule, Bankruptcy and Legal Analyst for Defendant SAFCO, wrote a letter to Ms. "Karen D. Brooks, Financial Regulation Examiner, Division of Financial Regulation," dated March 17, 2008 (*see* Exhibit C, attached).

39.     In that letter, Mr. Magdule stated, "In order to determine whether we would reinstate her loan, we requested a new Credit Application. We declined the Credit Application, therefore not reinstating her loan."

40.     In that letter, Mr. Magdule further stated that at that time "we accelerated her loan and in order for her to redeem, we required a payoff of the full balance on the loan, including repossession costs as provided for in our contract."

41.     Defendant SAFCO accelerated the installments otherwise payable after the time Plaintiff Anika Greene sought to redeem the Vehicle.

42.     Defendant SAFCO informed Plaintiff Anika Greene that the Vehicle had been taken to ADP Recovery, Inc. in Baltimore, Maryland.

43.     On December 19, 2007, Plaintiffs went to ADP Recovery, Inc. to retrieve personal items that had been in the Vehicle when it was repossessed.

44.     Plaintiffs paid ADP Recovery, Inc. a $50.00 cash "handling fee" as a condition of returning Plaintiff Anika Greene's personal items.

45.     ADP Recovery, Inc. informed Plaintiffs that the Vehicle had been transported out of the state of Maryland for sale.

46.     Despite that the law requires it, Defendant SAFCO did not retain possession of the Vehicle for 15 days after the notice required by Commercial Law Article §12-1021.

47.     Despite that the law requires it, Defendant SAFCO did not notify Plaintiffs in writing, by certified mail, return receipt requested, at least ten days before the sale of the Vehicle of the time and place of the sale.

48.     Despite that the law requires it, Defendant SAFCO did not provide a written statement to Plaintiffs showing the distribution of the proceeds from the sale of the Vehicle.

49.     Despite that the law requires it, Defendant SAFCO did not make a full accounting to Plaintiffs, in writing and within 24 hours of the sale of the Vehicle, showing the unpaid balance at the time the Vehicle was repossessed; the refund credit of unearned finance charges and insurance premiums, if any; the remaining net balance; the proceeds of the sale of the Vehicle; the remaining deficiency balance, if any, or the amount due the buyer; all expenses incurred as a result of the sale; the purchaser's name, address, and business address; the number of bids sought and received; and any statement as to the condition of the Vehicle at the time of repossession which would cause its value to be increased or decreased above or below the market value for vehicles of like kind and quality.

50.     In January 2008, Plaintiff Anika Greene contacted the office of the Commissioner of Financial Regulation of the Maryland Department of Labor, Licensing and Regulation (the "Commissioner") and complained of Defendant SAFCO's actions.

51. The Commissioner's office corresponded with Defendants at length regarding alleged violations of Plaintiff Anika Greene's rights.

52. Plaintiff Anika Greene received a letter titled "Notice of Deficiency Balance" from Defendant SAFCO, dated March 11, 2008 (*see* Exhibit D, attached).

53. The March 11, 2008, letter informed Plaintiff Anika Greene that the Vehicle had been sold on January 10, 2008, for $7,128.00; that, as of the date of the letter, the "Amount due on Balance of Loan (Loan Deficiency)" was $12,109.97; that the "Amount due for the costs of Repossession" were $351.00; that Anika Greene had been credited $412.50 for the "Amount of Insurance Cancellations"; and that the "Total Amount due as of 3/11/2008" was $4,003.82.

54. The Commissioner's office informed Defendants on numerous occasions that Defendants had violated Plaintiff Anika Greene's rights relating to the repossession and sale of the Vehicle.

55. In a letter dated July 25, 2008, the Commissioner's office informed Defendant SAFCO that the Commissioner was requiring Defendant SAFCO "to send the borrower, Anika Greene, a letter informing her that she is not responsible for any deficiency resulting from the sale of her repossessed vehicle and send a copy of that letter to the Commissioner by August 11, 2008." (*see* Exhibit E, attached).

56. Neither Defendant SAFCO nor Defendant Creditors Firm complied with the Commissioner's demand as stated in the July 25, 2008, letter.

57. Defendant SAFCO, through its agent Defendant Creditors Firm, filed suit against Plaintiffs in the District Court of Maryland for Baltimore City on March 23, 2009 (*see* suit attached, Exhibit F).

58. Defendants' suit alleged a deficiency of $13,486.85, which represented an amount

7

greater than the total principal remaining on the loan at the time of sale. No credit was given for the proceeds from the sale.

59.     Defendants' suit further claimed the right to prejudgment interest at 6% from April 9, 2008, in violation of the applicable statute.

60.     Defendants' suit further claimed the right to an attorney's fee of $2,023.02, in violation of the applicable statute.

61.     Defendants knew that they had failed to allow Plaintiffs to redeem the Vehicle in accordance with the law.

62.     Defendants knew that they had failed to provide Plaintiffs with the notices required under Maryland law for the repossession and sale of the Vehicle.

63.     Defendants knew that the actual deficiency on the sale of the Vehicle was $4,003.82, not the $13,486.85 claimed.

64.     Defendants knew that they had no legal right to *any* deficiency on the sale of the Vehicle because the notices were not properly given.

65.     Despite this, Defendants actively attempted to collect on the alleged debt from December 2007 until September 2009, requiring Plaintiffs to defend the suit, hire counsel and personally appear in court.

66.     On September 25, 2009, Defendant SAFCO, through their attorney Defendant Creditors Firm, filed "Plaintiff's Voluntary Dismissal With Prejudice," (*see* Exhibit G) and the court granted this dismissal on October 9, 2009 (*see* Exhibit H).

### COUNT I – VIOLATION OF THE
### MARYLAND CONSUMER DEBT COLLECTION ACT,
### COMMERCIAL LAW ARTICLE § 14-201, et seq. – BOTH DEFENDANTS

67.     Plaintiffs incorporate all prior paragraphs into this count by reference.

8

68.     Defendants' actions are subject to Maryland's Consumer Debt Collection Act.

69.     Defendant's actions, as set forth in prior paragraphs, included disclosing or threatening to disclose information which affected the debtor's reputation for credit worthiness with knowledge that the information is false in violation of the Debt Collection Act, CL 14-202(3),

70.     Defendants' actions, as set forth in prior paragraphs, included claiming, attempting, or threatening to enforce a right with knowledge that the right did not exist in violation of the Debt Collection Act, CL 14-202(8)

71.     Defendants may have violated the Debt Collection Act in other ways.

72.     As a result of Defendants' illegal actions, Plaintiffs suffered economic and emotional damages.

WHEREFORE, Plaintiff Anika Greene and Plaintiff Richard Greene each demand damages in the amount of $500,000.00 in compensatory damages plus $750,000 in punitive damages, plus costs of court, attorney's fees, and such other remedy as this court finds appropriate, against Defendant SAFCO and Defendant Creditors Firm, jointly and severally.  In the alternative, Plaintiffs each make these demands against Defendant SAFECO for the acts of its agent The Creditor's Firm.

### COUNT II – VIOLATION OF THE
### MARYLAND CONSUMER PROTECTION ACT,
### COMMERCIAL LAW ARTICLE §13-301, et seq. – BOTH DEFENDANTS

70.     Plaintiffs incorporate all prior paragraphs into this count by reference.

71.     Maryland's Consumer Protection Act, states a violation of the Consumer Debt Collection Act is also a violation of the Consumer Protection Act. CL 13-301(14)(iii).

72      Defendants, as set forth above, violated this provision and as a direct result

9

Plaintiff suffered damages, including stress, embarrassment and humiliation.

WHEREFORE, Plaintiff Anika Greene and Plaintiff Richard Greene each demand damages in the amount of $500,000.00 in compensatory damages plus $750,000 in punitive damages, plus costs of court, attorney's fees, and such other remedy as this court finds appropriate, against Defendant SAFCO and Defendant Creditors Firm, jointly and severally.  In the alternative, Plaintiffs each make these demands against Defendant SAFECO for the acts of its agent The Creditor's Firm.

## COUNT III– VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, et seq. – BOTH DEFENDANTS

73.     Plaintiffs incorporate all prior paragraphs into this count by reference.

74.     This statute applies to Plaintiffs, as "consumers" and Defendant Creditors Firm as debt collectors.  *See* 15 USC 1692(a).

75.     This statute prohibits debt collectors from harassing and abusing consumers (1692d), from making false or misleading representations (1692(e)) from unfair practices (1692(f)).

76.     Defendant Creditors Firm, by taking the actions set forth in prior paragraphs, including filing suit against Plaintiffs after it knew it had no legal right to do so, violated these statutes.

77.     These statutes may have been violated in other ways.

78.     Plaintiffs each suffered damages as a result.

WHEREFORE, Plaintiff Anika Greene and Plaintiff Richard Greene each demand statutory damages of $1000 plus actual damages in the amount of $500,000.00, plus punitive

damages in the amount of $750,000 plus costs of court, attorney's fees, and such other remedy as this court finds appropriate, against Defendant Creditors Firm. In the alternative, Plaintiffs each make these demands against Defendant SAFECO for the acts of its agent The Creditor's Firm.

## COUNT IV – NEGLIGENCE – BOTH DEFENDANTS

79.     Plaintiffs incorporate all prior paragraphs.

80.     Defendants each owed the Plaintiffs a duty of reasonable care.

81.     Defendants each breached this duty by attempting to collect a debt they knew or should have known was not owed, for the specific reasons set forth in prior paragraphs.

82.     As a result of Defendants' action, Plaintiffs each suffered damages, as set forth specifically in prior paragraphs.

WHEREFORE, Plaintiff Anika Greene and Plaintiff Richard Greene each demand statutory damages of $1,000 plus actual damages in the amount of $500,000.00, plus costs of court, attorney's fees, and such other remedy as this court finds appropriate, against Defendant Creditors Firm, jointly and severally. In the alternative, Plaintiffs each make these demands against Defendant SAFECO for the acts of its agent The Creditor's Firm.

## COUNT V – INTENTIONAL MISREPRESENTATIONS – BOTH DEFENDANTS

83. Plaintiffs incorporate all prior paragraphs.

84. Defendant asserted false representations of material facts to the Plaintiffs, as set forth above.

85. These false representations included statements that the entire accelerated debt was

11

owed when it was not, both before and after the car was sold.

86. Defendants knew the representations were false, or, made these representations with

such reckless disregard for the truth that knowledge of the falsity of the statement can

be imported to the Defendants.

87. The defendants made the false representations for the purpose of defrauding the

Plaintiffs.

88. The Plaintiffs relied with justification upon the misrepresentations.

89. As a result the Plaintiffs suffered damages.

WHEREFORE, Plaintiff Anika Greene and Plaintiff Richard Greene each demand

damages in the amount of $500,000.00 in compensatory damages plus $750,000 in punitive

damages, plus costs of court, attorney's fees, and such other remedy as this court finds

appropriate, against Defendant SAFCO and Defendant Creditors Firm, jointly and severally.  In

the alternative, Plaintiffs each make these demands against Defendant SAFECO for the acts of

its agent The Creditor's Firm.


Respectfully Submitted,



Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiffs*

A. Darwin Holder, Jr.
Holder Law Group LLC
406 Allegheny Avenue
Towson, Maryland 21204
(410) 296-9550
*Attorney for Plaintiffs*

## REQUEST FOR JURY TRIAL

Plaintiffs request that the above captioned action be tried before a jury.

Respectfully Submitted,

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiffs*


A. Darwin Holder, Jr.
Holder Law Group LLC
406 Allegheny Avenue
Towson, Maryland 21204
(410) 296-9550
*Attorney for Plaintiffs*

14